UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1324

YA YING WU; BAO GUO ZHAO,

            Petitioners,

       v.

ERIC H. HOLDER, JR., Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: October 5, 2010          Decided: October 29, 2010

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Gregory Marotta, LAW OFFICE OF RICHARD TARZIA, Belle Mead, New Jersey, for Petitioners. Tony West, Assistant Attorney General, Jennifer L. Lightbody, Senior Litigation Counsel, David H. Wetmore, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ya Ying Wu and her husband, Bao Guo Zhao (collectively "Petitioners"), natives and citizens of the People's Republic of China, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's denial of their requests for asylum and withholding of removal. Wu is the primary applicant for asylum; the claims of her husband are derivative of her application. See 8 U.S.C. § 1158(b)(3) (2006); 8 C.F.R. § 1208.21(a) (2010).

The Petitioners first challenge the determination that they failed to establish their eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he [or she] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that the Petitioners fail to demonstrate that the evidence compels a contrary result. We therefore find that substantial evidence supports the denial of relief.

Additionally, we uphold the denial of the Petitioners' request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an

2

applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because the Petitioners failed to establish that they are eligible for asylum, they cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED